# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | | | |
|---|---|---|---|
| IN THE MATTER OF: | ) | BK. NO. | 17-81595 |
| | ) | (Chapter 13) | |
| Roberto Elizondo-Chavez | ) | | |
| Catherine Ann Reid   , | ) | **CHAPTER 13 PLAN** | |
| | ) | **AND** | |
| Debtor(s). | ) | **NOTICE OF RESISTANCE DEADLINE** | |

## NOTICE TO CREDITORS AND DEBTORS

The Bankruptcy Court for the District of Nebraska enacts this Local Form Chapter 13 Plan [hereinafter "plan"] under the provisions contained in Rule 3015.1 of the Federal Rules of Bankruptcy Procedure. This form plan shall be used for all Chapter 13 plans filed on or after the effective date of Rule 3015.1.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to this plan no later than the date designated in the attached Notice of Resistance Deadline. The Bankruptcy Court may confirm or approve this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

**You must file a timely proof of claim in order to be paid under this plan**.

In this District, the amount set forth in the claim controls the amount to be paid to a creditor. The value of the collateral set forth in the claim controls the amount to be paid subject to the right of the debtor to object to the claim amount and/or the valuation of the collateral in the claim. Avoidance of security interests or liens must be done by motion or adversary proceeding as appropriate. Interest is paid to secured creditors in the amount and from the date specified in the plan.

The Debtor acknowledges that the plan does NOT INCLUDE provisions through which the plan ALONE would limit the amount of a secured claim or the value of collateral. The Debtor acknowledges that such limit on the amount of the claim or the value of the collateral shall be raised by objection to the claim.

The Debtor acknowledges that the plan does NOT INCLUDE provisions through which the plan ALONE would avoid a security interest or lien. The Debtor acknowledges that avoidance of a security interest or lien or the stripping of a lien shall be raised by motion or adversary proceeding as appropriate.

This plan requires that all nonstandard provisions be set forth in PART 11 of the plan and use of PART 11 must be identified by checking the box below.

**DEBTORS MUST CHECK ONE BOX BELOW TO STATE WHETHER NONSTANDARD PROVISIONS ARE OR ARE NOT CONTAINED IN PART 11 OF THIS PLAN. IF THE BOX IS CHECKED AS "NOT INCLUDED" OR IF BOTH BOXES ARE CHECKED, THE PROVISIONS CONTAINED IN PART 11 WILL BE INEFFECTIVE.**

| Nonstandard provisions, set out in Part 11 | X | Included | | Not included |
|---|---|---|---|---|

### PART 1.    PAYMENTS

The Debtor or Debtors (hereinafter called "Debtor") submits to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| A. Monthly Payment Amount (include any previous payments) | B. Number of payments | Base Amount (A X B) |
|---|---|---|
| | Various/Payments made to date---> | |
| $320 | 60 | $19,200 |
| | | |
| | | |

| | | |
|---|---|---|
| | Total Plan Base Amount: | $19,200 |

| | | | |
|---|---|---|---|
| The payment shall be withheld from the Debtor's paycheck: | Yes: _____ | No: __X__ |

Employee's name from whose check the payment is deducted:    **See Part 11 (a)**

Employer's name, address, city, state, phone:    **See Part 11 (a)**

Debtor is paid:  Monthly ☐   Twice Monthly ☐   Weekly ☐   Biweekly ☐   Other [X]   **See Part 11 (a)**

This plan cures any arrearage in payments to the Chapter 13 Trustee under any prior plan in this case.

**NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THE EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THE EMPLOYER DEDUCTION BEGINS.**

**PART 2.   ORDER OF PAYMENT OF CLAIMS**

Applicable Trustee fees shall be deducted pursuant to 28 U.S.C. § 586(e). Claims shall be paid in the following order; and, unless otherwise provided, claims within each class shall be paid pro rata:

1. Pre-confirmation payments for adequate protection or leases of personal property;

2. Minimum monthly payments to secured creditors listed in PART 6 of this plan, minimum arrearage payments and regular executory contract payments due on Executory Contracts and Leases in PART 7 of this plan, and minimum monthly payments on arrearages on 11 U.S.C. § 507(a)(1)(A) priority domestic support claims in PART 5(B) of this plan **[NOTE: IF THERE ARE NO MINIMUM ARREARAGE PAYMENTS OR REGULAR EXECUTORY CONTRACT PAYMENTS DESIGNATED IN THE PLAN, THOSE MONIES WILL BE DISTRIBUTED UNDER # 3 ON ATTORNEY FEES]**;

3. The Debtor's attorney's fees and costs as approved by the Court **[NOTE: DEBTOR'S COUNSEL SHOULD NOT DESIGNATE A PER MONTH PAYMENT FOR ATTORNEY FEES. UNDER THIS ORDER OF PAYMENTS ALL FUNDS WILL BE CODED FOR ATTORNEY FEES AFTER THE BEFORE DISCUSSED MINIMUM MONTHLY PAYMENTS AND EXECUTORY CONTRACT PAYMENTS]**;

4. After payments of the previously listed amounts in (1) through (3) above, additional funds will be distributed prorata to secured claims in **PART 6**, arrearages on Executory Contracts and Leases in **PART 7** of this plan and domestic support claims under 11 U.S.C. § 507(a)(1)(A) in **PART 5(B)** of this plan;

5. Other administrative expense claims under 11 U.S.C. § 503 and Chapter 7 Trustee compensation allowed under 11 U.S.C. § 1326(b)(3);

6. Other priority claims in 11 U.S.C. § 507(a) including post-petition tax claims allowed under 11 U.S.C. § 1305;

7. Payments on co-signed unsecured claims listed in **PART 8** of this plan;

8. General Unsecured Claims.

**PART 3.   §1326(A) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS
          & LEASE PAYMENTS**

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will **immediately** commence plan payments to the Trustee. Creditors must file a timely proof of claim to receive payment. Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 working days prior to the end of the 30-day period. Post-confirmation payments are provided for below in **PARTS 6** and **7** of this plan.

| **Creditor's Name and Full Address** | | **Last Four Digits of Account Number** | **Date of Next Payment Due** | **Payment Amount** |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

**PART 4.    ADMINISTRATIVE CLAIMS**

Trustee fees shall be deducted from each payment received by the Trustee.

**Neb. R. Bankr. P. 2016-1(A)(4)** and **Appendix "K"** provide for the maximum allowance of Chapter 13 attorney fees and expenses [Standard Allowable Amount "SAA"] which may be included in a Chapter 13 Plan. Additional fees or costs in excess of this amount must be approved through the "ALC" Fees process or a separate fee application. Fees and costs requested for allowance are as follows:

| "SAA" Fees Requested | Fees Received Prior to Filing | Balance of "SAA" Fees to be Paid in Plan |
|---|---|---|
| $3,700.00 | $637.00 | $3,063.00 |
| "SAA" Costs Requested | Costs Received Prior to Filing | Balance of "SAA" Costs to Be Paid in Plan |
| $200.00 | $0.00 | $200.00 |

**PART 5.    PRIORITY CLAIMS**

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claim under 11 U.S.C. § 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

    **A.**    **Domestic Support Obligations**

        **[X] None.**  *If "None" is checked, the rest of § 5(A) need not be completed or reproduced.*

    **B.**    **Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A)**

        **[X] None.**  *If "None" is checked, the rest of § 5(B) need not be completed or reproduced.*

    **C.**    **Domestic Support Obligations Assigned To Or Owed to A Governmental Unit Under 11 U.S.C. § 507(a)(1)(B)**

        **[X] None.**  *If "None" is checked, the rest of § 5(C) need not be completed or reproduced.*

    **D.**    **Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305**

        **[X] None.**  *If "None" is checked, the rest of § 5(D) need not be completed or reproduced.*

    **E.**    **Chapter 7 Trustee Compensation Allowed under 11 U.S.C. § 1326(b)(3)**

        **[X] None.**  *If "None" is checked, the rest of § 5(E) need not be completed or reproduced.*

    **F.**    **Other Priority Claims:**    Provisions for treatment in Part 11 of plan.

**PART 6.**   **SECURED CLAIMS**

    **A.**   **Home Mortgage Claims**
         **(including claims secured by real property which the debtor intends to retain)**

      1)   **[ ] None.**

      2)   Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim. Any pre-petition arrearage shall be paid through this Chapter 13 plan with interest as provided below. The amount of pre-petition arrears is determined by the proof of claim, subject to the right of the Debtor to object to the amount set forth in the claim.

| Name of Creditor | Property Description | Estimated Pre-petition Arrearage | Pre-confirmation Interest Rate & Dollar Amount Limit, If Any | Post Confirmation Interest Rate | Minimum Monthly Payment Amount on Pre-Petition Arrears | Total Payments on Pre-Petition Arrears Plus Interest |
|---|---|---|---|---|---|---|
| Seterus, Inc | Personal Residence | $8,076 | 3.63% | 3.63% | | $8,900 |

    **B.**   **Post-Confirmation Payments to Creditors Secured by Personal Property.**  Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2):

      1)   **Secured Claims to which § 506 is NOT applicable:**

      2)   **Secured Claims to which § 506 is applicable:**

          a.   [ ] None.

          b.   Claims listed in this subsection are debts secured by personal property <u>not</u> described in the prior paragraph of this plan, 6(B)(1)(b). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. In this District, the value of the secured property is determined by the proof of claim, subject to the right of the Debtor to object to such valuation.

| Name of Creditor | Property Description | Estimated Claim Amount | Pre-confirmation Interest Rate & Dollar Amount Limit, If Any | Post Confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|---|
| Nebraska Furniture Mart | Misc. items from NFM | $591 | 6.25% | 6.25% | $0 | $697 |
| | | $0 | 5.75% | 5.75% | $0 | $0 |

    **C.**    **Surrender of Property**

        1)    [X] None. *If "None" is checked, the rest of § 6(C) need not be completed or reproduced.*

    **D.**    **Lien Avoidance and Lien Stripping**

        1)    [ ] None.
        2)    **In this District, avoidance of security interests or liens must be done by motion or adversary proceeding as appropriate.**
        3)    The Debtor shall file a Motion or Adversary Proceeding to Avoid the lien of the following creditors:

| | Name of Creditor | Amount Owed | Property Upon Which Debtor Will Seek to Avoid Lien |
|---|---|---|---|
| 1 | Portfolio Recovery Associates, LLC | $1,089 | Personal Residence |

**PART 7.**    **EXECUTORY CONTRACTS/LEASES**

    **A.**    The Debtor assumes the executory contract/lease referenced below and provides for the regular contract/lease payment to be included in the Chapter 13 plan. All other executory contracts and unexpired leases are rejected. Any pre-petition arrearage will be cured in monthly payments as noted below:

    **B.**    Check One

        1)    [X] None. *If "None" is checked, the rest of § Part 7 need not be completed or reproduced.*
        2)    [ ] Assumed Items:

**PART 8.**    **CO-SIGNED UNSECURED DEBTS**

    **A.**    [X] None. *If "None" is checked, the rest of § Part 8 need not be completed or reproduced.*

**PART 9.**    **UNSECURED CLAIMS**

    **A.**    **See Part 11 (g)**

**PART 10.**    **ADDITIONAL PROVISIONS**

    **A.**    If there are no resistances/objections to confirmation of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

    **B.**    Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time a discharge is issued, and theDebtor shall have the sole right to use and possession of property of the estate during the pendency of this case.

    **C.**    In order to obtain distributions under the plan, a creditor must file a proof of claim no later than 70 days after the filing of the petition except as provided in Rule 3002(c) of the Federal Rules of Bankruptcy Procedure.

    **D.**    Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the Plan shall retain its lien securing such claim as provided in 11 U.S.C. § 1325(a)(5)(B).

**E.** After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation pleadings.  Pleadings shall include applications for fees, amended plans and motions. Pleadings shall be served on all parties in interest. For purposes of this limited notice provision, a party in interest is a party whose interest is directly affected by the motion, a creditor who has filed a proof of claim, a party who has filed a request for notice, any governmental agency or unit that is a creditor and allcreditors scheduled as secured or priority creditors.  Any pleading filed with limited notice shall include a certificate of servicespecifically stating it was served with limited notice on all parties in **interest pursuant to Neb. R. Bankr. P. 9013-1(E)(1).  Failure tocomply shall result in deferral of the motion until a** proper certificate of service is filed.

**PART 11.  NONSTANDARD PROVISIONS**

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this Local Form Plan or deviating from it. **Nonstandard provisions set out elsewhere in this plan are ineffective and void.**

The following plan provisions will be effective only if there is a check in the box "included" at the end of the opening **Notice to Creditors and Debtors** of this plan.

**Part 11 (a)**

| Employee's name whose payroll is deducted: | Debtor: | Co-Debtor: |
|---|---|---|
|  | Roberto Elzondo-Chavez |  |
| Employer's name, address, city, state, phone: | Stone Masters, 902 South St., Gretna, NE 68028 |  |

**Special Notes**  1. The Trustee shall only implement an employer withholding if specific employer name is listed above.

Debtor is paid: Weekly            Co-debtor is paid:

**Part 11 (b)**     [X] N/A.

**Part 11 (c)**     **Domestic Support Obligations**

  **N/A**

**Part 11 (d)**     **Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a(1)(A)**

  **N/A**

**Part 11 (e)**     **Domestic Support Obligations Assigned To Or Owed To a Governmental Unit Under 11 U.S.C. § 507(a(1)(B)**

  **N/A**

**Part 11 (f)**

    N/A

**Part 11 (g)**    UNSECURED CLAIMS

The unsecured creditors shall be classified pursuant to Bankruptcy Code Sec. 1322(b)(1) in the following manner:

Unsecured creditor class 1:

Description/treatment of sub-class:  N/A                      N/A

| Name of Creditor | Estimated Amount | Contract Rate of Interest | Total Due |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Unsecured creditor class 2:

All remaining allowed unsecured claims shall be paid prorata of all remaining funds.

**Part 11 (h)**  OTHER MISCELLANEOUS PROVISIONS TO PLAN:

**NOTICE OF RESISTANCE DEADLINE**

**ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (SEE ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW (OR SERVED ON THE DEBTOR, IF NOT REPRESENTED BY AN ATTORNEY), ON OR BEFORE:**

**(USE OPTION A OR B – AND CHECK ONE OF THE BOXES** – SEE LOCAL COURT RULES)

    A.    [ ]    **14 DAYS AFTER THE CONCLUSION OF THE MEETING OF CREDITORS**

                                        **OR**

        [X]    <u>**1/2/2018**</u>   **(USE A CALENDAR DATE WHICH IS AT LEAST 21 DAYS AFTER THE THE DATE THE THE PLAN IS FILED WITH THE COURT)**

**IF A TIMELY RESISTANCE OR REQUEST FOR A HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH NEB. R. BANKR. P. 3015-2. IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.**

**CERTIFICATE OF SERVICE**

On  12/4/2017  the undersigned mailed a copy of this plan to all creditors, parties in interesst and those requesting notice by regular United States mail, postage prepaid.  The parties to whom notice was mailed are either listed below or on the attached mailing matrix.  The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service to the following:  Kathleen A. laughlin, Standing Chapter 13 Trustee, District of Nebraska.

Dated:        12/4/2017                                      Debtor(s)

                                                    By:    /s/ John T. Turco
                                                            John T. Turco, #19143
                                                            John T. Turco & Associates, P.C., L.L.O.
                                                            2580 South 90th St.
                                                            Omaha, NE  68124
                                                            Telephone:  (402) 933-8600
                                                            Fax number:  (402) 934-2848
                                                            John.Turco@JohnTurcoLaw.com
                                                            Attorney for Debtor(s)

By filing this document, the Attorney for the Debtor(s) or the Debtor(s) themselves, if not represented by an attorney certify(ies) that wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Chapter 13 Plan for the United States Bankruptcy Court for the District of Nebraska, other than any nonstandard

Accredited Collection Service, Inc.
PO Box 27238
Omaha, NE 68127

Alcoa Billing Center
3429 Regal Dr
Alcoa, TN 37701

Barry Gretchen Reid
902 Laria Cir
Papillion, NE 68046

Capital One NA
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Cbs Inc
Po Box 318
Fremont, NE 68025

CHI Health Business Office
2301 N 117th Ave
Ste 100
Omaha, NE 68164

Chicago Title Company
2533 N 117th Ave
Omaha, NE 68164-3979

Children s Hospital Medical Center
PO Box 952806
Saint Louis, MO 63195-2806

Children s Hospital Medical Center
8200 Dodge St
Omaha, NE 68114

Children s Physicians
PO Box 952806
Saint Louis, MO 63195-2806

Citibank/Best Buy
Centralized Bk/Citicorp Credt Srvs
Po Box 790040
St Louis, MO 63179

CMRE Financial Services, Inc.
3075 E. Imperial Hwy 200
Brea, CA 92821-6753

Coast Professional Inc
4273 Volunteer Rd
Geneseo, NY 14454

Credit Bureau Services, Inc.
PO Box 318
Fremont, NE 68026

Creighton Prep
7400 Western Ave
Omaha, NE 68114

DCI Credit Services, Inc
1024 K Street
Lincoln, NE 68508

Department of Education
Office of General Counsel
400 Maryland Avenue SW
Washington, DC 20202-0008

Emergency Physician Associates
PO Box 740023
Cincinnati, OH 45274

FedLoan Servicing
Attention: Bankruptcy
Po Box 69184
Harrisburg, PA 17106

FedLoan Servicing
Po Box 69184
Harrisburg, PA 17106-9184

First Bank Puerto Rico
Attn: Bankruptcy
9795 S Dixie Hwy
Pinecrest, FL 33156

General Service Bureau
Attn: Bankruptcy
Po Box 641579
Omaha, NE 68164

HCFS Healthcare Financial Services LLC
Alcoa Billing Center
3429 Regal Dr
Alcoa, TN 37701

Home Depot
PO Box 78011
Phoenix, AZ 85062-8011

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Irish Taylor Dental, LLC
South Omaha Dental
4843 S 24 St
Omaha, NE 68107

JC Christensen Associates, Inc.
PO Box 519
Sauk Rapids, MN 56379

Jonathon Burford
Kozeny McCubbin
12400 Olive Blvd, Ste. 555
Saint Louis, MO 63141

Kohls/Capital One
Kohls Credit
Po Box 3043
Milwaukee, WI 53201

Kristi Peterso MD
10701 S 72nd St Ste 100
Papillion, NE 68046

| | | |
|---|---|---|
| Midlands Hospital<br>11111 S. 84th St.<br>Papillion, NE 68046 | Midwest Anesthesia PC<br>Attn: Patient Accounting<br>1439 E 23rd St<br>Fremont, NE 68025 | National Account Syste<br>Po Box 45767<br>Omaha, NE 68145 |
| National Account Systems of Omaha<br>PO Box 45767<br>Omaha, NE 68145 | National Service Bureau, Inc<br>Po Box 747<br>Bothwell, WA 98041 | Nebraska Department of Revenue<br>Attn: Bankruptcy Unit<br>P.O. Box 94818<br>Lincoln, NE 68509-4818 |
| Nebraska Furniture Mart<br>PO Box 3000<br>Omaha, NE 68103 | Nebraska Iowa Radiology Consultants<br>PO Box 4290<br>Omaha, NE 68104 | Nebraska Medicine<br>988140 Nebrasksa Medical Center<br>Omaha, NE 68198-8095 |
| Nebraska Medicine<br>988095 Nebraska Medical Center<br>Omaha, NE 68198-8095 | New Centurty Physicians of Nebraska, LLC<br>6681 Country Club Drive<br>Minneapolis, MN 55427 | Phoenix Financial Services<br>PO Box 361450<br>Indianapolis, IN 46236-1450 |
| Phoenix Financial Services. Llc<br>Po Box 361450<br>Indianapolis, IN 46236 | Portfolio Recovery<br>Po Box 41067<br>Norfolk, VA 23541 | Portfolio Recovery Associates, LLC<br>Po Box 12914<br>Norfolk, VA 23541 |
| PRA Receivables Mannagement LLC<br>Po Box 41021<br>Norfolk, VA 23541 | Robert Junso<br>Hornick LLC<br>300 N. Dakota Avenue<br>Suite 511<br>Sioux Falls, SD 57104 | Roberto Elizondo-Chavez<br>Catherine Ann Reid<br>508 Perry<br>Papillion, NE 68046 |
| Sarpy County Attorney<br>1210 Golden Gate Dr<br>Papillion, NE 68046 | Sarpy County Treasurer<br>1210 Golden Gate Dr<br>Papillion, NE 68046 | Seterus Inc<br>14523 Sw Millikan Way St<br>Beavertton, OR 97005 |
| Summit Dental<br>1105 Howard St Ste 00<br>Omaha, NE 68102-2841 | Target<br>C/O Financial Retail Srvs<br>Mailstopn BT POB 9475<br>Minneapolis, MN 55440 | TekCollect Inc<br>Po Box 1269<br>Columbus, OH 43216 |
| The Urology Center PC<br>111 S 90 St<br>Omaha, NE 68114 | Transworld System Inc<br>2235 Mercury Way<br>Ste 275<br>Santa Rose, CA 95407 | United Recovery Systems, LP<br>PO Box 722910<br>Houston, TX 77272-2910 |
| University of Nebraska Omaha<br>c/o Daniel Johnson<br>Seville Square II Ste 205<br>14710 West Dodge Road<br>Omaha, NE 68154 | US Attorney General<br>United States Department of Justice<br>Judiciary Center Building<br>555 Fourth Street, NW<br>Washington, DC 20530 | US Attorney s Office<br>1620 Dodge Street, Suite 1400<br>Omaha, NE 68101 |

US Dep Ed
PO Box 5609
Greenville, TX 75403

Usaa Svg Bk
Attn: Bankruptcy
10750 Mcdermott Freeway
San Antonio, TX 78288

Van Ru Credit Collection
PO Box 1366
Des Plaines, IL 60017

Weeder Pediatric Dentistry
9825 Giles Rd Suite A/B
La Vista, NE 68128